IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERT CARDENAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-cv-0413-MJR ) |
| PATRICIA MASHACHER, DAVID DUNKER and MELISSA GRASS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Gilbert Cardenas, a pretrial detainee in Chester Mental Health Center ("Chester"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has been found unfit to stand trial. A pretrial detainee who has been found unfit to stand trial is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004) ("Pretrial detainees are 'prisoners' for purposes of the PLRA because they are in custody while 'accused of … violations of criminal law.'" (quoting 28 U.S.C. § 1915(h)). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff claims that his right to due process is being infringed by the incident report system at Chester. When a "BBR"[1] report is made on a resident, he claims there is no committee or hearing process for the resident to challenge the report or restrictions imposed after an incident is documented (Doc. 1, p. 2). He states that the treatment team considers the incident report and may restrict the resident's activities, for example, telephone access, personal property, mail, and outside activities. Plaintiff does not describe any specific incident report or restriction that has been imposed on him. However, he asserts that the inability to challenge any incident

---
[1] Plaintiff does not explain what "BBR" stands for.

reports may cause him to be unable to apply for conditional release or a transfer to a less restrictive facility based on a good behavior record at Chester (Doc. 1, p. 3).

Next, Plaintiff states that his Nazirite religious beliefs require him to follow the Torah. He implies that the use of audio/video cameras in Chester violates his religious rights in some way. He then states that staff members use the cameras to "show us, and make fun of us calling us crazy" (Doc. 1, p. 3). Further, the Chester administration "has allowed patients to kill each other." *Id.* Plaintiff wants a list of patients who have been hurt by staff members and wants the cameras removed from the living units.

Finally, Plaintiff complains that the Human Rights Committee for Chester is "arbitrary" and does not include an independent agent to watch over the interests of the patients (Doc. 1, p. 4). He again claims that patients have been killed by Chester employees, and there is nobody to whom such deaths can be reported. He wants the Court to appoint a watchdog/advocate for Chester patients.

In addition to the injunctive relief mentioned above, Plaintiff seeks compensatory and punitive damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts, following Plaintiff's designation of the claims in his complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Due Process**

"To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539.  *See also Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005); *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).  However, "a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status.  Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement."  *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999).

The Seventh Circuit has recognized that, for pretrial detainees, procedural protections are required within a reasonable time of the imposition of any punishment.  *See Holly v. Woolfolk*, 415 F.3d 678, 680-82 (7th Cir. 2005) (hearing for detainee within 48 hours of placement in segregation did not violate due process; hearing need not take place prior to imposition of punishment); *see generally Wolff v. McDonnell*, 418 U.S. 539 (1974).  In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest.  *Id.* at 556-72.

In the instant case, Plaintiff asserts that no procedural protections are provided when a Chester resident is written up for an infraction.  However, none of the restrictions

described by Plaintiff approach the type of "punishment" that would amount to a deprivation of a constitutionally protected interest as described in the *Wolff* decision. "Without a deprivation of liberty or property (or life, but that is irrelevant to this case) there is no constitutional duty to provide due process." *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011). Restrictions (which Plaintiff does not describe in any detail) on telephone access, personal property, mail and outside activities are minimal in comparison to the deprivation of liberty involved when a prisoner is placed in segregation or forfeits good conduct credits. The loss of the institutional privileges of the types listed by Plaintiff does not present a viable constitutional claim for deprivation of liberty or property. For example, the Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 515 U.S. 472 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *see also Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (prisoners do not have a protected liberty interest in demotion to C-grade status or loss of commissary privileges). While it is possible that some restrictions on personal property or mail may cross the line into a constitutional deprivation, Plaintiff here makes no factual allegations to indicate any deprivation of a protected liberty or property interest in his case.

Furthermore, a pretrial detainee may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Wolfish,* 441 U.S. at 536-37. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Legitimate governmental objectives may include interests stemming from the government's need

to effectively manage the detention facility, or to maintain security and order there. *Id.* at 540. The system at Chester of restricting privileges in response to infractions appears to be a legitimate tool to manage the facility and discourage disruptive behavior among the residents. Plaintiff has not described any actions by Defendants that would amount to unconstitutional punishment.

Moreover, Plaintiff does not allege that he was personally subjected to any of the possible restrictions he lists, nor does he claim that he ever received an incident report. He cannot maintain a civil rights action based on general assertions of unlawful treatment. *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

For these reasons, Plaintiff has failed to state a due process claim upon which relief may be granted, and this portion of his complaint shall be dismissed without prejudice.

**Count 2 – Security Cameras**

In the section of Plaintiff's complaint that challenges the use of security cameras in Chester, he invokes his duty to follow the tenets of his religion. However, he never explains how the presence of security cameras results in any infringement of his right to practice his faith.

A detainee's right to exercise his religion "does not evaporate entirely when he enters a jail." *See Tarpley v. Allen Cnty., Ind.*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)). However, the detainee's right "is not unfettered." *Tarpley*, 312 F.3d at 898. Prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987).

The use of security cameras to observe residents in a mental health facility would appear to be related to the objective of maintaining order and safety for residents and staff.  Detainees do not have the right to be free from reasonable surveillance.  *See, e.g., Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that detention necessarily involves being observed by staff, but holding that broadcasting surveillance camera footage on the internet amounted to unconstitutional punishment of detainees).

Plaintiff's allegations do not state a claim for infringement on his right to practice his religion or on his right to privacy.  As noted above, general allegations of mistreatment, such as claims of harm to other patients, are not actionable.  Accordingly, this portion of Plaintiff's complaint shall be dismissed without prejudice.

**Count 3 – Chester Human Rights Committee**

As with Plaintiff's other claims, he does not explain how he has personally been deprived of any constitutional right as a result of the alleged deficiencies in the Chester Human Rights Committee.  Thus, he cannot proceed further on this claim.  If, as Plaintiff asserts, patients at Chester have died, either as a result of employees' actions or otherwise, the Court cannot imagine that such deaths would not be investigated by the appropriate authorities.  Regardless, Plaintiff has no standing to maintain any action on behalf of other unidentified patients who may have suffered some harm, *see Higgason*, 83 F.3d at 810, and this count shall be dismissed as well.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes"

under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

IT IS SO ORDERED.

DATED this 16 day of April, 2012

s/MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge